Brian D. Lee, Esq.
Jocelyn A. Merced, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel:  (973) 656.1600
Fax:  (973) 656.1611
brian.lee@ogletree.com
jocelyn.merced@ogletree.com
*Attorneys for Defendant CMC Steel US, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------

| | | |
|---|---|---|
| SHARODD GRAHAM, | : | Hon. _____ |
| | : | Civil Action No. _____ |
| Plaintiff, | : | |
| | : | *Civil Action* |
| v. | : | |
| | : | **NOTICE OF REMOVAL & LOCAL** |
| CMC STEEL US, LLC; BARRY | : | **CIVIL RULE 11.2 CERTIFICATION** |
| SOMMERS, JOHN DOES 1-100 (said | : | |
| names being fictitious, true names presently | : | ***Document Filed Electronically*** |
| unknown), ABC CORP. 1-100 (said names | : | |
| being fictitious, true names presently | : | |
| unknown), ABC EMPLOYER 1-100 (said | : | |
| names being fictitious, true names presently | : | |
| unknown), | : | |
| | : | |
| Defendant(s). | : | |

------------------------------------------------------

**TO:    CHIEF JUDGE AND JUDGES OF**
**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

Lance D. Brown, Esq.                          Clerk
EPSTEIN OSTROVE, LLC                    Monmouth County Superior Court
Attorneys at Law                                  71 Monument Street
1898 Rt. 33                                          Freehold, New Jersey 07728
Hamilton, New Jersey 08690
*Attorneys for Plaintiff Sharodd Graham*

1

Michelle M. Smith, Clerk
Superior Court of New Jersey
25 W. Market Street
P.O. Box 971
Trenton, New Jersey 08625

**HONORABLE JUDGES:**

Defendant CMC Steel US, LLC (hereafter "CMC Steel") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332 and 1441 to the United States District Court for the District of New Jersey, and as grounds therefore show as follows:

**I.      TIMELINESS OF REMOVAL**

1.      On September 20, 2024, Plaintiff Sharodd Graham ("Plaintiff") filed a civil action against Defendants in the Superior Court of New Jersey, Law Division, Monmouth County, entitled *Sharodd Graham v. CMC Steel US, LLC, et al,* Docket No. MID-L-3138-24 (hereinafter, "the Complaint").  A copy of the Complaint, Case Information Statement, and Track Assignment Notice are attached hereto as **Exhibit A**.

2.       On September 26, 2024, Plaintiff served the Summons and Complaint on CMC Steel by hand-delivering a copy of the Summons and Complaint to its registered agent.

3.      To date, Defendant Barry Sommers has not been served with the Summons and Complaint in this matter.

4.      Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of the Summons and Complaint upon the only served Defendant (CMC Steel).

## II.    VENUE

5.      The New Jersey Superior Court, Monmouth County, is located within the District of New Jersey.  28 U.S.C. § 110.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.   DIVERSITY JURISDICTION

6.      This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States…."

### A.    Amount in Controversy

7.      This is an employment discrimination action to recover damages for alleged violations of the New Jersey Law Against Discrimination ("NJLAD").  Plaintiff alleges that during his employment (i) he was subjected to disability discrimination, (ii) CMC Steel failed to accommodate his alleged disability and that (iii) CMC Steel retaliated against him for requesting a reasonable accommodation for his alleged disability.

8.      The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, under the "reasonable probability" standard recognized by this Court.  Section 1446(c)(2)(B) instructs that "removal . . . is proper on the basis of an amount of controversy asserted" by the defendant "if the district courts find, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.  The preponderance of the evidence standard is satisfied by "proof to a reasonable probability."

*Roundtree v. Primeflight Aviation Servs., Inc.*, No. 16-9609, 2017 WL 3207439, at *2 (D.N.J. 2017).

9.      This Court first looks to the complaint to assess the damages demanded by the plaintiff.  *See Russ v. Unum Life Ins. Co.*, 442 F. Supp. 2d 193, 197 (D.N.J. 2006).  When the complaint does not allege a specific amount of damages, the court should conduct an independent appraisal of the value of the claim by looking at the notice for removal and any other relevant evidence.  *See Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 561–62 (D.N.J. 2000).  The amount in controversy is determined "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of rights being litigated."  *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citations omitted).

10.      It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount beyond $75,000.00, exclusive of interest and costs.  Plaintiff seeks "damages, including compensatory, exemplary, consequential, equitable, treble, and punitive, together with interest, attorneys fees, costs of suit and such other relief as the Court deems just and equitable."  (*See* Complaint at Counts One through Six, WHEREFORE Clauses.)

11.      New Jersey district courts have recognized that the amount in controversy exceeded $75,000.00 in employment cases with similar allegations to those made here.  *See, e.g., Curro v. HD Supply, Inc.*, 2020 WL 3496955, *4 (D.N.J. Jun. 29, 2020) (amount in controversy met by plaintiff simply alleging she was seeking "front pay and back pay, as well as other compensation and benefits, emotional distress damages, attorneys' fees . . . and punitive damages."); *Sussman v. Capital One, N.A.*, 2014 WL 5437079, *4 (D.N.J. Oct. 24, 2014) (explaining calculations of back pay and instructing that "when calculating the front pay award, the jury must consider the expected future damages caused by a defendant's wrongful conduct

from the date of judgment to retirement."); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (holding that punitive damages claims met amount in controversy requirement because plaintiffs under New Jersey law can collect up to five times their compensatory damages).

12.    The removing defendant need not confirm through discovery that the jurisdictional amount is satisfied. Indeed, the "jurisdictional analysis is performed on what is alleged in the Complaint, not what one may ultimately recover." *Allen v. Bloomingdale's Inc.*, 2016 WL 4579975, at *2 (D.N.J. Jul. 19, 2016). Thus, courts often extrapolate the jurisdictional amount from plaintiff's general allegations. *See, e.g., Curro*, 2020 WL 3496955, at 4 (holding that amount in controversy satisfied where plaintiff sought front pay, back pay, compensation and benefits, emotional distress damages and attorneys' fees).

13.    Plaintiff's Complaint here sets forth claims for financial loss, in addition to claims for other damages outlined above (including punitive damages), and attorney's fees. Thus, there is a reasonable probability that the amount in controversy is satisfied.

14.    Accordingly, although CMC Steel does not concede or admit that Plaintiff suffered any damages, for purposes of removal, and based on the allegations of the Complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## B.    Diversity Of Citizenship

15.    Plaintiff is a citizen of the State of New Jersey. (Complaint, ¶1).

16.    CMC Steel is a Delaware corporation with its principal place of business in Irving, Texas. For purposes of diversity jurisdiction, the citizenship of a limited liability corporation is determined by the citizenship of its members. *See e.g.*, *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

17.    Defendant Barry Sommers is a citizen of the State of New Jersey.  As discussed more fully below, however, his citizenship should be disregarded for purposes of diversity jurisdiction and removal pursuant to the fraudulent joinder doctrine.

**(1)    Fraudulent Joinder Doctrine**

18.    Diversity jurisdiction normally requires the existence of complete diversity, *i.e.*, all defendants must have different citizenship from that of the plaintiff.  *City of Indianapolis v. Chase Nat'l Bank of New York*, 314 U.S. 63, 69-70 (1941).  Additionally, under the forum defendant rule, a civil action may not be removed if any defendant is a citizen of the forum state. 28 U.S.C. §1441(b)(2).  However, courts have long recognized the fraudulent joinder doctrine as an exception to the complete diversity requirement and forum defendant rule.  Under this doctrine, if a court determines that non-diverse defendants from the forum state have been fraudulently joined, their citizenship may be disregarded, and the action may be removed.  *See generally, In re Briscoe*, 448 F.3d 201, 208 (3d Cir. 2006); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991); *Stiglich v. Chattem, Inc.*, No. 12-cv-1858-RMB-KMW, 2012 WL 5403437, at *2 (D.N.J. Nov. 5, 2012).  Joinder is deemed fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  *Boyer*, 913 F.2d at 111.  "The purpose of the fraudulent joinder doctrine is to weed out defendants who have been added solely to defeat federal jurisdiction and against whom non-colorable claims have been asserted."  *Sussman v. Capital One Bank*, No. 13-cv-6483-FLW-DEA, 2015 WL 164095 at *6 (D.N.J. January 13, 2015) (*citing Brown v. Jevic*, 575 F.3d. 322, 326 (3d Cir. 2009)).

19.     Plaintiff has not asserted any colorable claim against Defendant Sommers, the non-diverse, forum state defendant, and therefore his New Jersey citizenship should be disregarded.

**(2)     There is No Colorable Ground Supporting the Claims Against Sommers**

20.     In his Complaint, Plaintiff alleges that he went out on a temporary disability leave on or about July 25, 2022, because he broke his right hand. (Complaint, ¶¶ 7-8). He alleges that "[o]n or about September 23, 2022, [he] received a phone call from a supervisor, James Ruppert, stating that [he] was being let go." (Complaint, ¶11). Plaintiff does not allege that Defendant Sommers subjected him to any discrimination or retaliation.  Rather, Plaintiff's *sole* allegation as to Defendant Sommers is as follows:

> On or about September 14, 2022, Defendant Sommers contacted [Plaintiff] requesting him to get medical clearance to return to work.

(*Id.* at ¶9.)

21.     Again, Plaintiff does *not* allege that Defendant Sommers participated in *any* of the alleged acts of discrimination or retaliation; rather, his allegation against Defendant Sommers is limited *solely* to an alleged phone call wherein Defendant Sommers is alleged to have simply requested that Plaintiff provide medical information demonstrating his ability to return to work. (*Id.*)

22.     Even accepting Plaintiff's sole allegation against Defendant Sommers as true, Defendant Sommers cannot be found liable to Plaintiff under the NJLAD as a matter of law.  The only basis upon which an individual defendant may be held liable under the NJLAD is under the NJLAD's "aiding and abetting" provision, *N.J.S.A.* § 10:5-12(e).  *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004).  "Aiding and abetting" requires "active and purposeful conduct" in aid of a

wrongdoer; mere negligence can never constitute "aiding and abetting" under the NJLAD. *Id.* at 83.

23.     Numerous courts in this District have found a plaintiff's joinder of non-diverse defendants to be fraudulent in many different contexts where the plaintiff did not allege a colorable claim. *See, e.g., Sussman,* 2015 WL 164095, at *4 (in NJLAD case, finding that individual defendants were fraudulently joined and denying plaintiff's motion, and reconsideration motion, to remand); *Neuner v. Samost,* No. 12-cv-2420-RMB-AMD, 2012 U.S. Dist. LEXIS 167084 (D.N.J. Nov. 26, 2012) (holding that plaintiff failed to articulate any legal theory on which it could have a claim against defendant on the facts alleged and finding that it would be inequitable to permit plaintiff to defeat diversity jurisdiction by fraudulently joining defendant); *Curtiss–Wright Corp. v. CNA Financial Corp.*, No. 11-cv-4416-SDW-MCA, 2012 WL 1044493, at *5 (Jan. 26, 2012), *report and recommendation adopted*, No. 11-cv-4416-SDW-MCA, 2012 WL 1046536 (March 28, 2012) (finding that plaintiff fraudulently joined parent company of a properly joined subsidiary company); *Little v. Doe*, No. 09-cv-5183-WHW, 2010 WL 3812364, at *4 (D.N.J. Sept. 28, 2010) (in a NJLAD case, holding that joinder of alleged sexual harasser and the fictitious defendants was fraudulent and that their citizenship should be disregarded for purposes of diversity jurisdiction); *Roggio v. McElroy*, No. 10-cv-777-JAP, 2010 WL 1492594, at *4 (D.N.J. Apr. 14, 2010), *aff'd sub nom., Roggio v. McElroy, Deutsch, Mulvaney & Carpenter*, 415 F. App'x 432 (3d Cir. 2011) (concluding that Plaintiff fraudulently named two defendants in state court action solely to defeat diversity jurisdiction and denying motion to remand); *Pegg v. United Servs. Auto. Ass'n*, No. 09-cv-2108-SRC, 2009 WL 2928920, at *2 (D.N.J. Sept. 9, 2009) (finding fraudulent joinder because New Jersey law does not permit a plaintiff to sue a party other than the insurer for breach of contract under an insurance policy);

*Masselli v. Total Luxury Grp., Inc.*, No. 08-cv-1845-GEB, 2008 WL 4126556, at *3 (D.N.J. Aug. 29, 2008) (finding fraudulent joinder and denying plaintiff's motion to remand); *Lopienski v. Centocor, Inc.*, No. 07-cv-4519-FLW, 2008 WL 2565065, at *5 (D.N.J. June 25, 2008) (holding that based upon the pleadings, three defendants were either nominal defendants or fraudulently joined, and remaining diverse defendant could properly remove the case to the District of New Jersey); *Gil v. Related Mgmt. Co.*, No. 06-cv-2174-WHW, 2006 WL 2358574, at *4 (D.N.J. Aug. 14, 2006) (finding that individual defendants were fraudulent joined because the employee manual at issue did not create a contractual relationship between plaintiff and the individual defendants).

24.     Based on the foregoing well-settled case law, there is no colorable ground supporting the claims against Defendant Sommers.  As a matter of law, Defendant Sommers cannot be liable to Plaintiff under the NJLAD.  This conclusion is clear from the face of Plaintiff's Complaint and does not require resolution of any disputed facts. Accordingly, under the fraudulent joinder doctrine, this Court should disregard Defendant Sommers' New Jersey citizenship for purposes of diversity jurisdiction and removal.

IV.     **CONCLUSION**

25.     This action is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441.  The amount in controversy exceeds $75,000.  Defendant Sommers has been fraudulently joined and thus his New Jersey citizenship must be disregarded.  Defendant CMC Steel is a Delaware corporation with its principal place of business in Irvine, Texas.  Plaintiff is a citizen of New Jersey.  Therefore, compete diversity exists between the parties and no properly named defendant is a citizen of the forum state.

26.     CMC Steel has not previously sought similar relief.

27.    Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served via ECF and overnight mail upon Plaintiff's counsel, and via NJ e-Courts and overnight mail upon the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Monmouth County, New Jersey.

**WHEREFORE**, CMC Steel request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
Attorneys for Defendant CMC Steel, LLC

By:    *s/Brian D. Lee*
Brian D. Lee, Esq.
Jocelyn A. Merced, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel: (973) 656-1600
Fax: (973) 656-1611
brian.lee@ogletree.com
Jocelyn.merced@ogletree.com

Date: October 25, 2024

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Brian D. Lee, Esq., counsel for Defendant CMC Steel certify that the matter in controversy is not the subject of any other action pending in any court, and Defendant CMC Steel knows of no other action pending in any court, or of any pending arbitration or administrative proceeding.

By:      *s/Brian D. Lee*
         Brian D. Lee, Esq.
         Jocelyn A. Merced, Esq.
         10 Madison Avenue, Suite 400
         Morristown, New Jersey 07960
         Tel: (973) 656-1600
         Fax: (973) 656-1611
         brian.lee@ogletree.com
         jocelyn.merced@ogletree.com

Date: October 25, 2024

86256728.v1-OGLETREE